Casner v. Johnson.

E. .A. CASNER v. WILLIAM G. JOHNSON *et al.*

No. 12,991.    (71 Pac. 819.)

SYLLABUS BY THE COURT.

NOTE AND MORTGAGE — *Payment to Assignee of Record Sufficient.* Where a promissory note, together with the mortgage securing the same, has been assigned by the payee and delivered, and the assignment placed of record, the maker of such note may safely pay it to the assignee claiming in good faith the right to collect, and receive the note and a cancelation of his mortgage,. although the maker may at the time know that another claims in good faith the right to collect such note; and in such case an action by the other claimant to reinstate the discharged mortgage and foreclose the same for the payment of the note cannot be maintained.

Error from Reno district court; M. P. SIMPSON, judge.    Opinion filed March 7, 1903.    Affirmed.

*Fairchild & Lewis*, for plaintiff in error.

*Prigg & Williams*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The defendant in error· William G. Johnson purchased of the Sioux Investment Company a tract of land in Reno county, giving his five notes, aggregating $1500, with a mortgage securing the same, in part payment of the purchase-price. These notes and the mortgage securing them were subsequently assigned by the Sioux Investment Company to the Iowa Savings Bank to secure to it the payment of $500.    Subsequently to the assignment to the savings bank, one Hinchman, as trustee, asserted his rights to the possession of these notes and the mortgage securing them, to be held by him as security for debentures issued by the investment company. They were thereupon turned over to him by the sav-

ings bank, with the agreement, as is claimed by Mrs. Casner, that they would be returned to it or its assigns when Johnson had paid thereon the sum of $1000. This assignment of the mortgage to Hinchman was placed of record at once in Reno county.

Afterward the savings bank assigned to Mrs. Casner all of its rights in these notes and the mortgage securing the same. Neither this assignment nor the one from the investment company to the savings bank was recorded until after Johnson had made full payment of all the notes to Hinchman. However, before Johnson had made payment of the last $300 note he was fully informed of the fact that this assignment had been made, and that Mrs. Casner claimed a right to receive from him this money, and was warned by her not to pay the same to Hinchman, who held the note. Disregarding this warning, Johnson made payment of the note about a year before the same was due, receiving a discount of fifteen per cent. of the face value, and at the time of its payment the note was surrendered to him with a full release and discharge of his mortgage from Hinchman. This action was brought by Mrs. Casner to set aside this release and foreclose the mortgage to the extent of this note. It was claimed by Johnson in his answer that Hinchman had a right to collect the entire amount due from him, and that the assignment by the savings bank to Mrs. Casner carried no interest whatever in these notes to her.

The question mostly discussed in the briefs of counsel is whether Hinchman occupied the position of a pledgee or that of a joint owner of these notes, it being claimed by the plaintiff in error that he was a pledgee, and, being such, Johnson, knowing Mrs. Casner's rights, could not safely pay to him anything more

than the amount for which the notes were pledged to him. On the other hand, it is claimed that Hinchman and Mrs. Casner, at most, were joint owners of the notes, and that Hinchman, being in possession of the notes and having of record an assignment of the mortgage, Johnson had a right to pay to him the full amount of the notes and receive a valid discharge of his mortgage. We are inclined to this latter view, but do not find it necessary to discuss or pass upon this point.

In the progress of the trial Mrs. Casner saw fit to introduce in evidence a copy of a letter written to Hinchman by her agent, calling his attention to the fact that she had just learned that Johnson had paid him $300, which amount Mrs. Casner claimed, denying his right to receive the same, and making a demand upon him for its repayment to her. Thereafter the defendant offered in evidence a reply to this letter from Hinchman, which was received in evidence over the objection of Mrs. Casner. It is urged that this last letter was erroneously received in evidence. We think it was properly admitted under the circumstances. Plaintiff had chosen to go into the matter by the introduction of the first letter, which contained statements of a self-serving character, and, standing undenied, would be quite prejudicial to the defendant, and he had a right to show the reply which Hinchman made to Mrs. Casner. From these letters it clearly appears that Hinchman was asserting a right to receive the entire amount of money due on the Johnson notes, under the claim that it was to be held as security for various debentures executed by the Sioux Investment Company. This right was disputed by Mrs. Casner, who was insisting that she was entitled to receive $300, as the assignee of the Iowa

Savings Bank.   In this condition of affairs Johnson was not compelled to await the settlement of this contention between these claiming parties before he could lawfully pay his debt and receive a discharge of his mortgage.   It was a contention in which he was not interested.   He might safely pay to the one who was ,rightfully in possession of the note, and who, according to the record, might rightfully discharge his mortgage.   If Mrs. Casner, as against such an one, had a right to receive this money, she was priviledged to establish that right in an action against Hinchman, but cannot compel a second payment from the debtor, who, without fraud or connivance, has made payment to the one holding the notes.

In view of these considerations, we think the judgment of the court below was correct, and it will be affirmed.

All the Justices concurring.